IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS MOWREY,

    Plaintiff,

    v.                                                                 Case No. 19-cv-00307 WJ/KRS

ADOBE DELI, LLC.,
VAN H. JACOBSEN,
VICTORIA L. JACOBSEN,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, filed October 29, 2019 (**Doc. 16**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken. Accordingly, the motion is GRANTED.

## BACKGROUND

Plaintiff Thomas Mowrey, is proceeding pro se. He is confined to a wheelchair and brings this case under Title III of the Americans with Disabilities Act of 1990 ("ADA") and the Equal Protection clause of the Fourteenth Amendment of the United States Constitution. He is suing the Adobe Deli in Deming, New Mexico and its owners, Defendants Mr. and Mrs. Jacobsen, for noncompliance with the ADA because there was no handicap parking or signage when he visited the deli on Easter Sunday in 2018. Plaintiff seeks a "civil penalty" award of $55,000 and punitive damages in the amount of $1,500,000.

On November 18, 2018, Plaintiff sent a "Cease and Desist" letter to Adobe Deli, claiming that it was in violation of ADA regulations and that Defendant was in violation of Plaintiff's

legal rights. Doc. 16-2. Defendants' attorney responded to the letter, stating that Defendants were prepared to make any reasonable accommodations to make the restaurant more accessible for disabled patrons but that Mr. Mowrey's letter did not specify what they had failed to do or what they had done wrong. Doc. 16-3. Plaintiff responded to Defendants' letter, claiming that he had tried to enjoy Defendants' "client services on [sic] several times with no success and turned away not being able to enjoy as others would be allowed to do." Doc. 16-4. In that letter, Plaintiff gave Defendants the "heads up" that he has served many ("up to 2k") cease and desist letters that are being processed for federal lawsuits and that he looked forward to settlement. Defense counsel wrote back to Plaintiff, asking yet again to be advised about the specific violations that they allegedly committed and the "services" that Plaintiff claimed he was unable to enjoy. Doc. 16-5.

## DISCUSSION

In considering (reviewing) a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff. *Schrock v. Wyeth, Inc*., 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants attach an affidavit, correspondence and pictures as exhibits to the motion. In general, a motion to dismiss should be converted to a summary judgment motion if a party

submits and the district court considers, materials outside the pleadings. Rule 12(d); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210 (10th Cir. 2007). Here, Plaintiff also relies on evidentiary materials in the response and so the Court need not provide formal notice of conversion but will address the motion under Rule 12(b)(6) along with the evidence presented. *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004).

**I.    ADA Claim**

Plaintiff's complaint alleges that Defendants were in violation of the ADA because there was no handicap parking or signage located at the Adobe Deli restaurant ("restaurant"). In their sworn affidavits, Mr. and Mrs. Jacobsen claim that in fact there have been handicap parking spaces and signage at the restaurant for over thirty years. Docs. 16-6, 16-7.

Plaintiff's response recites several signage regulations but even there, he does not specify exactly how Defendants are in violation of the ADA. Even construing these allegations liberally (as the Court must for *pro se* litigants)[1] and accepting them as true (which the Court must under Rule 12(b)(6)), Plaintiff has not alleged a claim under the ADA for several reasons, which the Court will address in turn.

A.    <u>Standing</u>[2]

First, Plaintiff has not shown that he has standing to assert a claim of discrimination because he has not alleged an injury-in-fact, which is required under the ADA as well other civil rights statutes. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III

---

[1] *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008) (noting liberal standard by which a court judges a *pro se* litigant's pleadings).

[2] The Court addresses this issue first as a threshold question. *Bd. of Cty. Comm'ners for Garfield Cty, Colo. v. W.H.I, Inc. et al.*, 992 F.2d 1061, 1063 (10th Cir. 1993) (jurisdictional questions are of primary concern and can be raised at any time by courts *sua sponte*).

by demonstrating his standing to sue at each stage of the litigation. *See Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (even "tester" plaintiffs asserting Title III claim must meet general requirements of standing);[3] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (dismissing complaint where plaintiff had identified accessibility guidelines that were purportedly violated but had failed to show how those barriers denied him "full and equal" access to store).

The complaint states that there was no handicap parking and no signage, but otherwise contains no facts alleging any kind of an injury-in-fact, or which describe some barrier in or outside of the restaurant that deprived Plaintiff of equal access to services available to others who were not in a wheelchair. *See Steger v. Franco, Inc.*, 228 F.3d 889, 894 (8th Cir. 2000)(plaintiff asserting ADA violation must allege those affecting his specific disability to establish standing). Plaintiff does not claim that he could not access the restaurant to eat or enjoy other services there because of the claimed lack of handicap parking or signage and even states in his response that Defendants "have gone out of their way to come to the parking lot to assist those whom are disabled to access or to gain entry" to the restaurant. Doc. 18 at 4l. Because Plaintiff has not sufficiently alleged injury-in-fact of the kind required for Plaintiff to have standing, the Court does not have jurisdiction over the case.

B.  Failure to State a Claim

Second, even assuming Plaintiff could show injury-in-fact and establish standing, the complaint still fails to assert a claim because it does not indicate how Plaintiff's civil rights have been violated.[4] Viewed liberally, the complaint alleges that the restaurant is not in compliance

---

[3] "Testers" are qualified individuals with a disability who are testing an entity's compliance with certain federal disability statutes. *See Tandy v. City of Wichita*, 380 F.3d 1277 (10th Cir. 2004).
[4] In *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, the Tenth Circuit distinguished between the injury-in-fact requirement, depending on whether a plaintiff was seeking prospective or retrospective relief. 765

4

with the ADA's regulations pertaining handicap parking and signage. Without more, Plaintiff has not asserted a claim that could be considered plausible under the *Iqbal-Twombly* standard, allowing a reasonable inference that Defendants are liable under the ADA.

Plaintiff adds more information in the response, which of course the Court need not consider but which is included here to illustrate the inadequacies of Plaintiff's case. For example, Plaintiff refers to regulations requiring that signs be "mounted" and not "placed," but does not state that the signs at the restaurant were in violation of these regulations, or how. In fact, the pictures offered by Plaintiff as exhibits show signs attached or mounted onto a structure, *see* Docs. 18-4 and 18-5. Further, even though Plaintiff alleges in the complaint that there were no handicap parking signs, he does not dispute or contradict Mr. Jacobsen's affidavit statement that handicap parking signs have been up at the restaurant for the thirty-plus years he has been in business and that in addition, he puts up removable handicap parking signs in front of the banquet hall so the hall is accessible during special events. Doc. 16-6, Doc. 16-7, Doc. 20-1.[5] Plaintiff also does not dispute Mr. Jacobsen's statement that he and his employees have gone out into the parking lot to help disabled patrons where necessary, and that

In the response, Plaintiff also mentions "old wood poles" to which the signs were attached and which according to Defendants, had to be replaced when they became weather-worn, *see* Doc. 16-6 (Defts. Aff.), but it is unclear why Plaintiff takes issue with signs that are secured onto wooden poles or with the date the poles needed to be replaced. Plaintiff refers to a regulation prohibiting water from gathering on the walkway or accessible path but does not

---

F.3d 1205, 1211 (10th Cir. 2014). Standing may be available where a plaintiff was under a "real and immediate threat of being injured in the future." *Id*. (citing *Tandy*, 380 F.3d at 1283). Plaintiff does not appear to claim prospective injury, but the Court will assume that he withstands jurisdictional scrutiny in order to continue with the analysis on the merits.

[5] Defendants also provide pictures of the signage as exhibits, but the lettering on the signs are too blurry to determine whether they are actually handicap parking signs, although one can make out the letters "HC ENTRANCE" on one of the signs. *See* Docs. 16-8; 16-9.

explain whether water blocked his access to the restaurant. In short, Plaintiff provides no facts in any of the pleadings that would constitute a basis for an ADA claim against Defendants. And Defendants are entitled to dismissal of Plaintiff's ADA on this basis.

C. Relief Unavailable

Plaintiff seeks monetary damages: $55,000 in civil penalties and over $1 million in punitive damages, but such damages are unavailable for private plaintiffs asserting claims under Title III of the ADA. *Tyler v. City of Manhattan*, 118 F.3d 1400, 1413 (10th Cir. 1997) (the public accommodations provisions of Title III "expressly limits relief to equitable remedies") (citing 35 Cong. Rec. S10755 (daily ed. Sept. 7, 1989); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947, n.3 (9th Cir. 2011) (noting that private Title III plaintiffs are entitled to injunctive relief, and that damages "may be awarded to aggrieved individuals when requested in suits brought by the Attorney General"). Thus, even with meritorious claims, Plaintiff would at best be entitled to injunctive relief.

## II. Equal Protection Claim

Plaintiff's equal protection claim may be summarily dismissed. The disabled are not considered a suspect class for an equal protection analysis and therefore courts apply a rational basis test. *Davoll, et al. v. Webb et al.*, 194 F.3d 1116 (10th Cir. 1999). Under this test, Defendants need only have a reasonable basis to withstand Plaintiff's constitutional challenge. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1119 (10th Cir. 1991). In this case, Defendants have put forward affidavit testimony and pictures as evidence of complying with the ADA's public accommodations requirements and Plaintiff himself represents in the complaint that Defendants go "out of their way . . . to assist those whom [sic] are disabled. . . ." (Doc. 18 at 4). Plaintiff points to nothing unreasonable in Defendant's conduct or in their

efforts to comply with the ADA's public accommodations requirement, and for that reason, Defendants are entitled to dismissal of Plaintiff's equal protection claim as well.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss **(Doc. 16)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

A Rule 58 Judgment shall issue separately.

_____
CHIEF UNITED STATES DISTRICT JUDGE